1  Robert B. Jobe (Cal. State Bar #133089)
   LAW OFFICE OF ROBERT B. JOBE
2  550 Kearny Street, Ste. 200
   San Francisco, CA 94108
3  Tel:    (415) 956-5513
   Fax:    (415) 840-0308
4  Email: bob@jobelaw.com

5  Attorney for Plaintiff.

6

7              UNITED STATES DISTRICT COURT FOR THE

8                NORTHERN DISTRICT OF CALIFORNIA

9

10  CHUNNU MOHAMMED,                    C 07 4633 CRB

11        Plaintiff,                    COMPLAINT FOR A WRIT OF
                                        MANDAMUS AND DECLARATORY
12                                      AND INJUNCTIVE RELIEF
        v.
13

14  ROBIN L. BARRETT, FIELD OFFICE      DHS Alien Number:16-077-050
    DIRECTOR, USCIS SAN FRANCISCO
15  DISTRICT OFFICE; EMILIO T.
    GONZALEZ, DIRECTOR, USCIS;
16  U.S. CITIZENSHIP AND IMMIGRATION
    SERVICES; MICHAEL CHERTOFF,
17  SECRETARY, DEPARTMENT OF
    HOMELAND SECURITY;
18  DEPARTMENT OF HOMELAND
    SECURITY; ROBERT S. MUELLER,
19  DIRECTOR, FEDERAL BUREAU OF
    INVESTIGATIONS; ALBERTO
20  GONZALES, U.S. ATTORNEY
    GENERAL,
21

22        Defendants.

23

24          COMPLAINT FOR A WRIT OF MANDAMUS
         AND DECLARATORY AND INJUNCTIVE RELIEF

25        By and through his undersigned attorney, Plaintiff, Chunnu Mohammed ("Mr.

26  Mohammed"), as and for his complaint, alleges as follows:

27

28  Complaint for a Writ of Mandamus

## PRELIMINARY STATEMENT

1.      Mr. Mohammed is a native and citizen of India who has been granted asylum in the United States.  More than three years ago, Mr. Mohammed filed an application to register permanent residence or adjust status with the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service).[1]  Inexplicably, that application remains pending, despite Mr. Mohammed's repeated requests for adjudication.

## JURISDICTION

2.      Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

3.      Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district, Mr. Mohammed resides in this district, and no real property is involved in this action.

## INTRA-DISTRICT ASSIGNMENT

4.      Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

## STANDING

5.      The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

1  delayed the adjudication of Plaintiff's application. Plaintiff thus falls within the APA's standing

2  provisions. *See, Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of*

3  *Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.),

4  *vacated on other grounds,* 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043,

5  1050-51 (D.C. Cir. 1986).

## PLAINTIFF

6

7      5.      Chunnu Mohammed is a native and citizen of India who currently resides at

8  38800 Hastings Street #28, Fremont, California, 94536. Mr. Mohammed was granted asylum on

9  January 29, 2003 by a San Francisco Immigration Judge. On or about April 19, 2004, he filed an

10 application to adjust his status to that of a lawful permanent resident (Form I-485) with the

11 USCIS Nebraska Service Center ("NSC").[2] Although more than three years have lapsed since

12 that time, the USCIS has failed to adjudicate that application.

## DEFENDANTS

13

14     6.      Defendant, Robin L. Barrett, is the Field Office Director of USCIS's San

15 Francisco District Office and is sued in her official capacity. She is "responsible for the

16 administration and enforcement of the [Immigration and Nationality] Act and all other laws

17 relating to immigration and naturalization within [her] assigned geographic area[]." 8 C.F.R. §

18 100.2(d)(2)(ii).

19     7.      Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated

20 the authority to direct the administration of the USCIS, and to enforce the INA and all other laws

21 relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued

22 herein in his official capacity.

23     8.      The United States Citizenship and Immigration Services is the federal

24 agency within the Department of Homeland Security ("DHS") that is responsible for the

25 administration and enforcement of the Immigration and Nationality Act ("INA") and all other

26 laws relating to the immigration and naturalization of non-citizens.

---

27   [2] Receipt number LIN-04-142-52293.

28   Complaint for a Writ of Mandamus                     3

9.    Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity. Defendant Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

10.    The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

11.    Robert S. Mueller is the director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. Defendant Mueller is charged with conducting background checks, including the National Name Check Program, in response to requests submitted by federal agencies, including the USCIS.

12.    Alberto Gonzales is sued in his official capacity as the U.S. Attorney General. In that capacity, he is charged with supervising and directing the administration and operation of the Department of Justice, including the FBI.

## FACTS

13.    USCIS regulations outline the procedures that must be followed for an asylee to adjust his status to that of a lawful permanent resident. After one year of physical presence in the United States as an asylee, a person granted asylum may adjust his status "to that of an alien lawfully admitted for permanent residence." 8 C.F.R. § 1209.2(a). *See also* INA § 209, 8 U.S.C. § 1159.

14.    Lawful permanent resident status confers many advantages over asylee status. Lawful permanent residents have the privilege of residing and working permanently in the United States, INA § 101(a)(20), 8 U.S.C. § 1101(a)(20), they may travel outside the United States freely and generally are readmitted to the United States automatically, INA § 101(a)(13)(C), 8 U.S.C. § 1101(a)(13)(C), and they may petition to immigrate close family members, INA §§ 201 and 203, 8 U.S.C. §§ 1151 and 1153.

15.    After five years of status as a lawful permanent resident, an individual may apply to naturalize his status to that of a U.S. citizen. INA § 316(a), 8 U.S.C. § 1427(a). Because

Complaint for a Writ of Mandamus                    4

1    lawful permanent resident status is a prerequisite for naturalization, any delay in adjusting to

2    lawful permanent resident status also delays eventual naturalization.

3        16.    This lawsuit arises out of Defendants' illegal delay in the adjudication of Mr.

4    Mohammed's application for status as a lawful permanent resident (Form I-485).

5        17.    Mr. Mohammed was born on January 1, 1969 in Mumbai, India.  He married

6    Yasmin Amir on October 17, 2000 in Mumbai, India.  Mr. Mohammed was granted asylum by a

7    San Francisco Immigration Judge on January 29, 2003.  On April 19, 2004, Mr. Mohammed filed

8    Form I-485 (Application to Register Permanent Residence or Adjust Status) with the USCIS

9    Nebraska Service Center, in accordance with INA § 209, 8 U.S.C. § 1159, and 8 C.F.R. §

10    1209.2(a).  That application has been pending with the USCIS since that time.

11        18.    The USCIS issued a Request for Evidence, requesting additional documentation

12    from Mr. Mohammed in order to continue processing his I-485 application.  Mr. Mohammed

13    submitted the additional documentation on or around December 12, 2005, well before the NSC's

14    deadline of February 27, 2006.

15        19.    On or about October 13, 2006, Mr. Mohammed's application was transferred to

16    the USCIS's San Francisco District Office "for processing."  At the request of the USCIS, on

17    December 13, 2006, Mr. Mohammed appeared for an interview at the USCIS's San Francisco

18    District Office in regards to his application for adjustment of status.  At that time, however, he

19    was informed that because his file was not in the office, the USCIS could not proceed with the

20    interview.  Mr. Mohammed was further informed that the USCIS would send him a notice

21    rescheduling the interview.  Since that time, Mr. Mohammed has received no further

22    communication from Defendants.[3]

23

24

25

[3] Meanwhile, Mr. Mohammed's wife (Yasmin Chunnu Miya, A 96-498-198) and son (Faizan Miya, A 96-498-199) were interviewed in regards to their applications for adjustment of status on January 29, 2007.  USCIS, however, informed them that until Mr. Mohammed's application for adjustment of status is adjudicated, their applications would not be adjudicated.  At that time, Mr. Mohammed's attorney also learned that Mr. Mohammed's file is with the Immigration and Customs Enforcement's ("ICE") San Francisco Office of the Chief Counsel; despite numerous inquiries, ICE has not revealed why it has Mr. Mohammed's file and how long it expects to keep it.

28    Complaint for a Writ of Mandamus                    5

20.    Mr. Mohammed has taken exhaustive steps in an attempt to compel Defendants to adjudicate his I-485 application. Although more than three years have lapsed since Mr. Mohammed filed that application, and he is well outside the processing times of both the USCIS NSC and the San Francisco District Office, the USCIS has still not adjudicated his application.[4]

21.    Defendants' willful delay in adjudicating Mr. Mohammed's I-485 application clearly contravenes the USCIS's duty to process that application within a reasonable period of time. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *Yu v. Brown*, 36 F. Supp. 2d 922, 928-931 (D.N.M. 1999); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 391-92 (S.D.N.Y. 2004); *Galvez v. Howerton*, 503 F. Supp. 35, 39 (C.D. Cal 1980); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901-02 (N.D. Ill. 1999).

22.    This civil action seeks a writ of mandamus ordering Defendants to immediately adjudicate Mr. Mohammed's I-485 application.

23.    Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

24.    Plaintiff has suffered, and will continue to suffer, irreparable injury for which he has no adequate remedy at law. If the relief prayed for is not granted, Plaintiff will suffer continued extreme individual hardship.

### FIRST CAUSE OF ACTION
#### (Mandamus)

25.    Plaintiff repeats, alleges, and incorporates paragraphs 1 through 24 above as though fully set forth herein.

26.    Defendants have the nondiscretionary duty to adjudicate the I-485 application filed by Mr. Mohammed. By failing to do so, Defendants are, quite simply, failing to comply

---

[4] *See* https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=69 (six months processing time for applications for adjustment of status filed at the USCIS San Francisco District Office); https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC (Nebraska Service Center is processing applications for adjustment of status filed on or before February 1, 2006).

Complaint for a Writ of Mandamus                    6

1  with their statutory and regulatory duties.  Plaintiff is entitled, therefore, to relief in the nature of

2  mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to adjudicate his I-485

3  application.

**SECOND CAUSE OF ACTION**
**(Violation of the Administrative Procedure Act)**

4

5      27.    Plaintiff repeats, alleges, and incorporates paragraphs 1 through 26 above as

6  though fully set forth herein.

7      28.    Plaintiff is a person aggrieved by agency action under the Administrative

8  Procedure Act, 5 U.S.C. §§ 701 *et seq.*  By failing to adjudicate the I-485 application filed by Mr

9  Mohammed, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or

10  unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

(1)    Accept jurisdiction over this action;

(2)    Declare Defendants' failure to adjudicate the I-485 application filed by Mr. Mohammed to be a violation of 8 C.F.R. § 1209.2, the Administrative Procedure Act, and 28 U.S.C. § 1361;

(3)    Order the USCIS to immediately adjudicate Mr. Mohammed's I-485 application;

(4)    Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5)    Grant such other and further relief as this Court deems just and proper under the circumstances.


DATED:        September 7, 2007              Respectfully Submitted,

Robert B. Jobe
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308

Attorney for Plaintiff